UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Joshua David Sams                          Case No. 8:11-bk-03209-CPM

     Debtor.
_____/

**UNITED STATES TRUSTEE'S MOTION TO DISMISS**
**CHAPTER 11 CASE WITH PREJUDICE**

Donald F. Walton, the United States Trustee for Region 21, by and through his undersigned counsel, hereby requests that the Court dismiss the above-styled case pursuant to 11 U.S.C. § 1112(b) with prejudice for the following reasons:

1.      The Debtor filed a voluntary petition under chapter 11 of the U.S. Bankruptcy Code on February 24, 2011.

2.      On February 24, 2011, the Clerk provided a Notice of Incomplete and/or Deficient Filing and Opportunity to Cure Deficiencies to the Debtor. In the notice, the Debtor is directed to file Schedules A through J and Summary, Statement of Financial Affairs, and Statement of Monthly Income the missing items within fourteen days. The Debtor was further directed to file a Chapter 11 Case Management Summary within three days. Finally, the Debtor was directed to file a List of 20 Largest Creditors and Creditor Mailing Matrix and make payment of the filing fee. The Debtor was advised that failure to cure deficiencies could result in the dismissal of the case.

3.      The Debtor has failed to appear for an initial debtor interview. It is the policy of the United States Trustee to schedule an initial debtor interview within three weeks of the

filing of the case. To date, the Debtor has not attended an initial debtor interview. Failure to attend such a meeting is a basis for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(H).

    4.    Pursuant to his authority under 28 U.S.C. § 586(a), on March 8, 2011, the United States Trustee provided the Debtor by mail with the United States Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees ("Guidelines") which, in part, requires the Debtor to furnish the United States Trustee with the following:

    (a)    copies of the monthly operating reports, which are to be filed with the Court;

    (b)    proof of closing old bank accounts (final bank statement for all pre-petition accounts);

    (c)    proof of establishment of Debtor-In-Possession bank accounts (signature card);

    (d)    proof that post-petition taxes have been paid;

    (e)    proof of insurance--general liability, property, fire & theft, workers' compensation, vehicle, and other;

    (f)    copies of tax returns for last two years;

    (g)    copies of most recent audited and unaudited financial statements;

    (h)    balance sheet as of month-end immediately preceding filing;

    (i)    projected cash budget for first 6 months of post petition operations;

  (j)  detailed listing of accounts receivable and an accounts receivable aging report;

  (k)  list of all checks written and other disbursements on all accounts 90 days prior to filing the petition;

  (l)  report of physical inventory;

  (m)  current rent roll, if debtor has tenant-occupied property;

  (n)  copies of current business licenses and performance bonds, if required;

  (o)  details on pension, welfare/health plans, (i.e., type of plans maintained, fully or self-insured, administrators, who makes contributions, who maintains assets of the plans); and

  (p)  resume, job title, duties and responsibilities, salary/benefit package details for the twelve months prior to filing and the anticipated salary/benefit package for each owner and/or officer..

  5.  To date, the Debtor has failed to provide the United States Trustee with the above-referenced information as required by the Guidelines. The Debtor's lack of compliance with the Guidelines prevents the United States Trustee from properly administering the case. The failure to provide this information is a basis for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(H).

6.     A meeting of creditors pursuant to 11 U.S.C. § 341 was originally scheduled for March 23, 2011. The Debtor failed to appear. The failure to appear for the meeting is a basis for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(G).

7.     Dismissal or conversion of chapter 11 cases is governed by 11 U.S.C. § 1112(b). Section 1112(b) was substantially amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. The amended section 1112(b) states in relevant part as follows:

> (1) Except as provided in paragraph (2) of this subsection . . ., on request of a party in interest, . . . absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not [sic] in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that--
>> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title . . .; and
>> (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)--
>>> (i) for which there exists a reasonable justification for the act or omission; and
>>> (ii) that will be cured within a reasonable period of time fixed by the court.
>
> . . .
>
> (4) For purposes of this subsection, the term 'cause' includes--. . .
>> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public; . . .
>> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

    (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
    (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any); . . .
    (K) failure to pay any fees or charges required under chapter 123 of title 28;
    . . . .

8.  Conversion or dismissal pursuant to 11 U.S.C. § 1112(b) is mandatory on five of the specific grounds given as examples in that section.

9.  The Debtor previously filed a voluntary petition under chapter 11 on March 28, 2008. That case was dismissed on March 28, 2008.

WHEREFORE, the United States Trustee moves this Court pursuant to 11 U.S.C. § 1112(b) to either dismiss the chapter 11 case with prejudice or grant such other and further relief that the Court may deem appropriate.

            Respectfully submitted,
            Donald F. Walton
            United States Trustee--Region 21

            By: /s/BENJAMIN E. LAMBERS
              Benjamin E. Lambers
              Trial Attorney
              Fla. Bar No. 774197
              501 E. Polk Street, Suite 1200
              Tampa, FL 33602
              (813)228-2000
              (813)228-2303--facsimile
              Ben.E.Lambers@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing United States Trustee's Motion to Dismiss or Convert Chapter 11 Case has been sent by electronic or regular U.S. Mail to the parties listed below on or before March 24, 2011.

/s/BENJAMIN E. LAMBERS
Attorney

Joshua David Sams
PO Box 503
Crystal Beach, FL 34681